IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-CR-04047-SRB |
| | ) | |
| DAVID LEE MADDOX, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant David Lee Maddox's motion to reconsider detention order. (Doc. 19). The Government has filed suggestions in opposition to Defendant's motion. (Doc. 20). For the reasons that follow, Mr. Maddox's motion is denied.

On August 5, 2025, an indictment was returned charging Mr. Maddox with nine counts of attempted production of child pornography in violation of 18 U.S.C. § 2251(a). (Doc. 1). On September 17, 2025, Mr. Maddox had his initial appearance in this Court, and the Government moved to detain him. (Docs. 5, 13). A detention hearing was held on September 18, 2025, and Mr. Maddox was detained. (Docs. 17, 18). On November 24, 2025, Mr. Maddox filed the instant motion to reconsider detention order. (Doc. 19).

Under 18 U.S.C. § 3142(f)(2):

> [A detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

A defendant seeking to reopen a detention hearing must "demonstrate how the new information would reduce his risk of nonappearance or the risk that he poses to the community together with

the remaining § 3142(g) factors." *United States v. Gordon-Greenwood*, No. 23-cv-0339 (1) (DWF/DLM), 2024 WL 1461402, at *3 (D. Minn. Apr. 4, 2024) (internal quotation marks omitted).

Mr. Maddox argues he should be released pending trial due to his health limitations. Mr. Maddox suffers from auto-immune issues, arthritis, and fibroids in his joints, and requires a CPAP machine to sleep. (Doc. 19 at 1-2). During his time in custody, Mr. Maddox has experienced joint pain without access to medicines that may address his symptoms. (*Id.* at 2). He has not had access to a CPAP machine. (*Id.*). In response, the Government argues that Mr. Maddox has not raised any new information that was not known to the Court at the time of the detention hearing, nor has he raised any information that addresses whether or not he poses a danger to the community. (Doc. 20 at 2).

In the Order of Detention, the Court found Mr. Maddox to be a danger to the community due to the nature of the charges against him, charges involving a minor victim, and the fact that the alleged offenses involve use of a computer and the Internet. (Doc. 18 at 3). The Court found that Mr. Maddox had not rebutted the presumption of detention that is applicable in his case due to the charges against him. (*Id.* at 2). The Court based its decision to detain in part on the fact that Mr. Maddox is alleged to have used Skype to instruct minor victims in the Philippines to engage in sexually explicit conduct. (*Id.*). Mr. Maddox has not presented any new information or a new monitoring plan that was not available to the Court at the time of the detention hearing.

Mr. Maddox argues that his health conditions limit him physically such that he does not pose a danger to the community. (Doc. 19 at 5). However, Mr. Maddox has not shown how his medical conditions reduce the danger he poses to the community considering the charges he faces involve conduct taking place almost entirely over the Internet. Additionally, although Mr. Maddox

has not had access to a CPAP machine while in custody, the Government has represented to the Court that Mr. Maddox is being moved to a facility that will allow him to use a CPAP machine. (Doc. 20 at 2).

In light of the reasons for detention and findings of fact supporting the Court's Order of Detention, the Court finds Mr. Maddox has not presented the Court with any information not available at the detention hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of any other person and the community. Consequently, the Court finds pretrial release is unwarranted here.

Accordingly,

IT IS ORDERED that Defendant David Lee Maddox's motion to reconsider detention order (Doc. 19) is DENIED.

Dated this 4th day of December, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge